## AMOS RANDALL, PLAINTIFF IN ERROR, VS. J. D. TILLIS, SHERIFF OF POLK COUNTY, DEFENDANT IN ERROR.

Habeas Corpus—Can not be Utilized for Purposes of Writ of Error—Local Option—Indictment.

1. The actual existence of chapter 4746 as a law upon our statute books does not depend upon any extrinsic facts outside of the law itself. But whether it is specifically applicable to any particular county in the state, or whether its provisions can be violated in any such county, so as there to incur its penalties, depends upon the necessarily prerequisite *fact* whether or not an election has been held in such county resulting in a prohibition, under Article XIX of the constitution of the sale there of intoxicating liquors. An indictment or information under said chapter must necessarily allege, in order to charge the offense, the fact of the holding of such an election, and that it resulted against the sale of such liquors in the particular locality named, as well as the fact of the prohibited sale. And, of course, it is necessary also to prove such allegations.

2. Where a party has been convicted in the county court of a county, on an information filed, of the crime of illicit sales of liquor. in violation of chapter 4746, and such county court has jurisdiction to try such offence, and took writ of error from such judgment of conviction to the circuit court, where the same was affirmed, and after such affirmance sued out a writ of *habeas corpus* from such circuit court, wherein he assails the regularity and validity of the prohibition election alleged to have been held in such county, and the circuit court on such *habeas corpus* proceedings remands him to the custody of the sheriff to undergo such sentence of conviction, on writ of error to this court from such judgment in said *habeas corpus* proceeding the same will be affirmed on the ground that the matters of law and fact affecting the regularity and validity of such prohibition election are necessarily involved as issues in the trial of such offence. and are presumed to have been therein properly adjudicated. and cannot be again reinvestigated by means of the writ of *habeas corpus*. The writ of *habeas corpus* cannot be utilized to subserve the office of a writ of error.

3. Chapter 4746 Laws, *Held* to be constitutional.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*H. K. Olliphant*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

PER CURIAM:

The plaintiff in error was convicted on information in the County Court of Polk county in December, 1899, of the offence of selling intoxicating liquors in Polk county in violation of Chapter 4746, laws of 1899, and sentenced to pay a money fine and in default in the payment thereof to imprisonment in the county jail. From the judgment of conviction in the County Court he took writ of error to the Circuit Court of Polk county, where the said judgment was affirmed on October 10th, 1900. Thereupon he sued out a writ of *habeas corpus* from the Circuit Court of Polk county.

The contentions of his petition for *habeas corpus* are in substnce that his detention and imprisonment was illegal on the following grounds: 1st. That Chapter 4746 does not apply to Polk county, because the local option election alleged to have been theretofore held in that county was void for various alleged matters of fact resting *in pais*.

2nd. Because said Chapter 4746 was unconstitutional for the following reasons: (a) Because its provisions are broader than its title. (b) The proviso of the first section thereof is repugnant to said section. (c) The statute being a local act, the locality affected by its provisions is not stated in the title of the act. (d) The

statute being a special or local act, prescribes punishment for crime or misdemeanor.

The sheriff made return to the writ showing the cause of the petitioner's detention, and the Circuit Judge made an order remanding him to the custody of the sheriff. From this order he takes writ of error to this court.

The actual existence of Chapter 4746 as a law upon our statute books does not depend upon any extrinsic facts outside of the law itself. But whether it is specifically applicable to any particular county in the State, or whether its provisions can be violated in any such county, so as there to incur its penalties depends upon the necessarily prerequisite *fact* whether or not an election has been held in such county resulting in a prohibition under Article XIX of the constitution of the sale there of intoxicating liquors. An indictment or information under said Chapter must necessarily allege, in order to charge the offence, the fact of the holding of such an election and that it resulted against the sale of such liquors in the particular locality named, as well as the fact of the prohibited sale. And of course it is necessary also to prove such allegations. Cook v. State, 25 Fla. 698, 6 South. Rep. 451.

The record before us shows that the plaintiff in error was tried and convicted of such offence in the county court, that was clothed with the requisite jurisdiction, which judgment was affirmed on writ of error by the Circuit Court, and there is nothing in this record to exclude the presumption that the informaion upon which he was tried was in all respects sufficient in law, or that he was not tried in all respects in accordance with law, or that he was denied therein the fullest benefit of all proper and legal defences. One of the vital questions

of fact involved in such trial was whether or not an elec-
tion had been previously held in such county, and whether
or not it resulted against the sale of intoxicating liquors
in such county.   The writ of *habeas corpus* can not be
utilized to subserve the office of a writ of error.   *Ex parte*
Bowen, 25 Fla. 214, 6 South. Rep. 65.   And in the judg-
ment of this court the matters of fact tending to establish
or disprove the holding of such election in said county
and its result, can not be again re-investigated by means
of the writ of *habeas corpus*.

The court has also investigated the questions raised
as to the constitutionality of said Chapter 4746, and find
that they are untenable.

The judgment of the court below is affirmed.