MAMIE WRIGHT, *Plaintiff in Error,* v. C. EDMUND WORTH, AS MUNICIPAL JUDGE, *Defendant in Error.*

Opinion Filed February 10, 1922.

1. The Constitution contains no express limitations upon the power of the Legislature to prescribe the procedure for municipal courts. Under Section 20, Article V, special laws may be enacted "regulating the practice" of municipal courts.

2. Indictments for offenses against municipal ordinances are not required or permitted in municipal courts.

3. Due process of law requires that a person charged with an "offense" against a municipal ordinance shall be duly advised of the nature and cause of the accusation against him and have reasonable opportunity to conserve his defense, whether

by securing witnesses or otherwise, and have it presented to and considered by the court before rendering judgment in the cause.

4. A statutory provision that a sworn or verified complaint shall not be necessary to give the municipal court jurisdiction of offenses triable in that court, but the docket entry shall be sufficient to put the accused upon notice of the offense with which he is charged, does not deny due process of law.

5. A docket entry in the municipal court of Tampa that contains the name of the accused with a statement of the offense charged as "having liquor in her possession in violation of Section 18a," is sufficient as a compliance with the statute as to the charge and to afford due process of law, at least in the absence of some showing that advantage was taken of the accused in making and prosecuting the charge.

6. Any laws that are valid and appropriate to enforce the organic prohibitions are within the power of the State; and regulations and reasonable prohibitions of the *possession* of intoxicating liquors are appropriate as a means to enforce the paramount organic prohibitions.

7. The State may authorize its municipalities to enforce prohibitions by ordinances that are consistent with State and Federal law.

8. As the Federal law is the law of the land and as it does not in essence conflict with State law, ordinances adopting the Federal law by reference, do not violate charter powers which authorize ordinances that are consistent with State and Federal law.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*R. E. L. Chancey,* for Plaintiff in Error;

*Hilton S. Hampton,* for Defendant in Error.

WHITFIELD, J.—A petition was filed in the Circuit Court of Hillsborough County in which it is alleged that Mamie Wright was arrested by police officers of the City of Tampa "and that following her arrest on said date the following charge, in substance, was made and entered against her on the police docket of the municipal court of said City of Tampa, to-wit: No. 47018, name and complaint, Mamie Wright, having liquor in her possession in violation of Section 18a. Which said charge is unsupported by oath or affirmation and does not put this petitioner on notice of crime or offense of which she is charged in said municipal court; that the ordinance of said City of Tampa designated as Section 18a is in substance, as follows: 'Ordinance No. 18a. An ordinance prohibiting the unlawful custody of intoxicating liquors, or the sale thereof, within the City of Tampa, and providing penalty therefor. Section 1. It shall be unlawful for any person, persons, firm or corporation to have or keep in possession any intoxicating liquors, the possession of which is made unlawful by the act of Congress of the United States, or to offer the same for sale within the limits of the City of Tampa. Section 2. Whoever violates section one of this ordinance shall be punished by a fine of not more than five hundred dollars or by imprisonment in the city jail not more than sixty days, or by both such fine and imprisonment in the discretion of the court; that under said ordinance nothing is made criminal or an offense for the reason that the things undertaken by said ordinance to prohibit or forbid are dependent not upon the terms or provisions of said ordinance, but upon the terms of some

act or acts of the Congress of the United States which have never been adopted or enacted by the City of Tampa; that since the adoption of the Eighteenth Amendment to the Constitution of the United States and the passage of the existing acts of Congress pursuant thereto, the several states in the Union now have concurrent jurisdiction to legislate only on the making, selling and transportation of intoxicating liquors; that the Federal Government alone has the power to make the possession of intoxicating liquors a criminal offense; that the concurrent power or jurisdiction given to the several states to enforce the provisions of the Eighteenth Amendment is limited so that the same can apply only to the making, selling and transportation of intoxicating liquors and the Federal Government and the several states have the sole and exclusive power to enforce the provisions of the Eighteenth Amendment and the several states are wholly without power to delegate to a municipal corporation power or jurisdiction to enforce the provisions of the Eighteenth Amendment or to legislate thereon; that the City of Tampa has no power to adopt or enforce Ordinance No. 18a; that said ordinance abridges the privileges and immunities of Mamie Wright, this petitioner, she being a citizen of the United States of America, in violation of the Fourteenth Amendment to the Constitution of the United States; that for the reasons above shown your petitioner filed a motion to quash the charge docketed against her in said municipal court whereof C. Edmund Worth is Judge, and that the Judge of said court denied said motion and retained jurisdiction in said municipal court to hear, try and determine said charge and is now holding your petitioner under bond to appear in said court on the nineteenth day of August, 1921, to answer said charge; but your petitioner charges that the municipal court of the City of Tampa was and is without

jurisdiction to enforce said Ordinance No. 18a, and that the attempt so to do as herein charged is a usurpation of authority by said municipal court and the said judge thereof, and that your petitioner will be tried in said court on the said nineteenth day of August, 1921, notwithstanding said court has no jurisdiction so to do, unless prohibited from so doing.

"Wherefore, your petitioner prays that a rule may be awarded against the said C. Edmund Worth, as Municipal Judge of the City of Tampa, Florida, a municipal corporation, and the said judge be ordered to show cause, if any he has, why the writ of prohibition shall not be awarded to petitioner prohibiting said C. Edmund Worth as Municipal Judge of the City of Tampa from proceeding further in said suit or prosecution against your petitioner in said municipal court, or from taking further action therein as being without warrant of authority or law so to do."

A rule in prohibition was issued.   Sec. 3586 Rev. Gen. Stats. 1920.

To the petition a demurrer was filed stating the following grounds:

"1.   Said petition sets forth no cause of action.

"2.   Said petition sets forth no reason why this respondent should be prohibited from proceeding.

"3.   Said petition shows on its face that the ordinance therein set forth is a valid exercise of police power."

The court sustained the demurrer, and the petitioner declining to plead further or amend, the petition was dismissed.   Writ of error was taken by the petitioner.

The petition for prohibition could have been dismissed below because a writ of error was available to the petition-

er if conviction had resulted. State *ex rel.* Rainauer v. Malone, 40 Fla. 129, 23 South. Rep. 575; State *ex rel.* v. Hocker, 33 Fla. 283.

It is contended ''that the mere docket entry of the charge in the police court against plaintiff in error was insufficient to give the police judge power or jurisdiction to entertain or try said charge notwithstanding Chapter 7716, Special Acts of 1917;'' that Chapter 7716 is in conflict with Section 11 of the Declaration of Rights, and that if the statute is valid the docket entry does not comply with the statute.

The Constitution contains the following provisions:

''In all criminal prosecutions the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, to demand the nature and cause of the accusation against him, to meet the witnesses against him face to face, and have compulsory process for the attendance of witnesses in his favor, and shall be furnished with a copy of the indictment against him. Sec. 11, Declaration of Rights.''

''The Legislature may establish in incorporated towns and cities, courts for the punishment of offenses against municipal ordinances.'' Sec. 34, Art. V.

Chapter 7716, Acts of 1917, is as follows:

''AN ACT Relating to Procedure in Municipal Court in City of Tampa, Florida.

''*Be It Enacted by the Legislature of the State of Florida*:

''Section 1. A sworn or verified complaint shall not be

necessary to give the Municipal Court jurisdiction of offences triable in that court, but the accused may be tried for the offense as docketed, provided such docket entry is sufficient to put the accused upon notice of the offense with which he is charged.

"Approved June 5, 1917."

The language of Section 11 of the Declaration of Rights is so different from that of Section 34 of Article V, that it is manifest the words "criminal prosecutions * * * in the county where the crime was committed" in Section 11, Declaration of Rights, have no reference to "the punishment of offenses against municipal ordinances" under Section 34 of Article V.

The Constitution contains no express limitations upon the power of the legislature to prescribe the procedure for municipal courts. Under Section 20, Article V, special laws may be enacted "regulating the practice" of municipal courts.

Indictments are not required or permitted in municipal courts. Due process of law requires that a person charged with an "offense" against a municipal ordinance shall be duly advised of the nature and cause of the accusation against him and have reasonable opportunity to conserve his defense, whether by securing witnesses or otherwise, and have it presented to and considered by the court before rendering judgment in the cause.

The statute expressly requires the docket of the offense to be "sufficient to put the accused upon notice of the offense with which he is charged." This is sufficient to afford due process of law as to the charge if it is complied with. The petition shows the docket entry to be "No.

47018, name and complaint, Mamie Wright, having liquor in her possession in violation of Section 18a.'' Considering the nature of trials in municipal courts, this charge appears to be sufficient as a compliance with the statute as to the charge and to afford due process of law, at least in the absence of some showing that advantage was taken of the accused in making and prosecuting the charge.

It is also contended that the city is without authority to make the possession of intoxicating liquors an offense punishable in the municipal court.

While the manufacture, sale and transportation of intoxicating liquors for beverage purposes have been expressly forbidden by Federal organic law, the same organic law expressly confers upon the Congress and the several states ''concurrent power to enforce'' the commanded prohibitions ''by appropriate legislation.''· Any laws that are valid and appropriate to enforce the organic prohibitions are within the power of the State; and regulations and reasonable prohibitions of the *possession* of intoxicating liquors are appropriate as a means to enforce the paramount organic prohibitions. See Johnson v. State, 81 Fla. 783, 89 South. Rep. 114.

The State may authorize its municipalities to enforce prohibitions by ordinances that are consistent with State and Federal law. The ordinance challenged is not in fatal conflict with State laws and the ordinance expressly adopts by reference the Federal law. See Van Pelt v. Hilliard, 75 Fla. 792, 78 South. Rep. 693.

As the Federal law is the law of the land and as it does not in essence conflict with State law, ordinances adopting the Federal law by reference, do not violate charter powers

which authorize ordinances that are consistent with State and Federal law.

The ordinance is not too indefinite and uncertain to be enforced by due process of law.

Affirmed.

TAYLOR, ELLIS AND WEST, J. J. concur.

BROWNE, C. J., dissents.

BROWNE, C. J.—Dissenting.

I cannot concur in the decision in this case, because the ordinance of the City of Tampa is but another move in the direction of destroying constitutional guarantees, and tends to retard the "back to the constitution" movement, lately inaugurated by the great public thinkers of the country, which is so essential, if anything is to be left of the liber-- ties of the people that the framers of our constitution sought to safeguard.

Section 12 of the Bill of Rights of the Constitution of Florida provides: "No person shall be subject to be twice put in jeopardy for the same offence."

The ordinance of the City of Tampa attacked in this proceeding by express words makes the violation of an Act of Congress an offense against the municipality.

The offence charged against the petitioner is one for which she may be also tried and convicted in the Federal Courts.

Various and varying constructions have been placed by eminent jurists and legal scholars on the meaning of the

"concurrent power" clause in the 18th amendment, but none has construed it to mean *cumulative* power, and the effect of sustaining the right of a city to pass an ordinance to punish a person for violating the Volstead Act, is to place that construction upon it.

The Volstead Act, passed under guise of authority of the XVIII Amendment to the Constitution of the United States, is paramount law on the subjects of which it treats, and jurisdiction to try offenders of its provisions is vested in the Federal Courts. When a person is once placed in jeopardy in the Federal Court for a violation of that law he cannot be again placed in jeopardy for the same offence without violating the provision of the Constitution of Florida.

Neither the State nor a municipality can divest the Federal Courts of jurisdiction to try violators of the Volstead Act by assuming jurisdiction of such cases, and when a municipality attempts to do this, the effect will be to subject a person to be "twice put in jeopardy for the same offence."

We cannot evade this situation by saying that because the plaintiff in error has not been before convicted, that question is not before us.

The language of Sec. 12 of our Bill of Rights places a duty upon the courts much higher than such an answer implies. It is not that he "shall not be" twice put in jeopardy for the same offence," but that he shall not "be *subject* to be twice put in jeopardy." If the plaintiff in error can be tried and punished in the Federal Courts for the same offence for which she was convicted in the municipal court (and I think it will be conceded that she may), then is she not "*subject* to be twice put in jeopardy for

the same offence?'' And does not this court subject her to such jeopardy by affirming the conviction in the municipal court?

The case of Hunt v. Jacksonville, 34 Fla. 504, and Thieson v. McDavid, 34 Fla. 440, do not meet the question now raised. Without discussing them, however, it would seem that from the reasoning in Thiesen v. McDavid this ordinance of the City of Tampa could not be sustained.

The section of the ordinance that the plaintiff in error is charged with having violated is: Sec. 1. ''It shall be unlawful for any person, persons, firm or corporation to have or keep in possession any intoxicating liquors, the possession of which is made unlawful by the Act of Congress of the United States.''

Here the same offence created by the Act of Congress, is made punishable by the municipality; and the plaintiff in error is thus ''subject to be twice placed in jeopardy for the same offence.''

For these and other grounds that I shall not discuss I am constrained to dissent.