GEORGE HOUSH v. TOM ANDERSON, as Chief of Police of Arcadia.

175 So. 521.
Division A.
Opinion Filed June 28, 1937.

*W. D. Bell,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

PER CURIAM.—The writ of error brings for review judgment in habeas corpus proceedings remanding petitioner to the custody of the Chief of Police of the City of Arcàdia.

It is the contention of the plaintiff in error that the affivadit on which the plaintiff in error was tried and convicted in the municipal court of the City of Arcadia which was in the following language: "Before me, Claud C. Jones, Mayor of the City of Arcadia, personally came Bunk McGuire who being duly sworn says that on the 4th day of June, A. D. 1936, in the City of Arcadia, aforesaid, one George Housh did sell intoxicating liquor contrary to the ordinance of the City of Arcadia, Florida, in such case made and provided and against the peace and dignity of the City

714

of Arcadia, Florida,"—is void. The affidavit does not entirely fail to charge the plaintiff in error with the violation of an ordinance of the City of Arcadia. The ordinance was in the following language:

"Section 1. Whosoever shall sell, or cause to be sold, within the corporate limits of the City of Arcadia, Florida, any spirituous, vinous or malt liquors, or any preparation composed in whole or any part of such liquors, either under the name of 'Rice Beer,' 'Hop Tea,' 'White Rose Cordial,' 'Keely Cure,' 'Cider,' or any other name whatsoever, during the continuance, existence and force of the Local Option law now in force in DeSoto County, Florida, shall upon conviction thereof, be punished by a fine of not less than $100.00, nor more than $500.00, or by confinement in said City jail at hard labor for not less than 30 days, nor more than 60 days, or by both such fine and imprisonment."

The judgment of the Circuit Court to which writ of error was taken was in the following language:

"The foregoing cause coming on this day to be heard upon petition, return and ordinance of City of Arcadia, Florida, and the same having been argued by counsel for the respective parties and duly considered by the Court, it is ordered that said petitioner George Housh has sustained his contention that the purported judgment is void because it fails to find and adjudge him guilty wherefore he is hereby remanded for the entry of a proper judgment and proceedings in accordance with law. The court is of the opinion that the ordinance in question was in suspension during prohibition, and became automatically operative upon the adoption of the amended article XIX of the Constitution and that the ordinance being by its terms predicated on the force of local option in force in DeSoto County at the time of its adoption for its operation, that the affidavit carrying with it the allegation that the sale was contrary to

the ordinance then in effect is an allegation of local option in the County and is a fact to be proven. Exception noted for petitioner. Petitioner is allowed writ of error with supersedeas and bond is fixed in the sum of $200 to be approved by the Clerk of the Circuit Court. Writ of error returnable August 17, 1936."

Aside from the question of the sufficiency of the affidavit to withstand attack in habeas corpus proceedings, the other question presented is: whether or not the ordinance under which plaintiff in error was convicted having been adopted prior to the Eighteenth Amendment to the Constitution of the United States, and amendment of Article XIX of the Constitution of Florida of 1918, having never been repealed by the legislative authority of the City of Arcadia, was revived by the amendment to Article XIX of the Constitution of Florida adopted November 6th, 1934, pursuant to the later amendment of the Federal Constitution. The question must be determined adversely to the contention of the plaintiff in error on authority of the case of Coleman, Sheriff v. State, ex rel. Race, 118 Fla. 201, 159 Sou. 504; and State v. Powell, 118 Fla. 269, 159 Sou. 508. So, the judgment of the Circuit Court should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

MR. JUSTICE DAVIS wrote a dissenting opinion in this cause, which appears below.

BROWN, J.—Even if the affidavit on which defendant was tried and convicted might have been subject to motion to quash, because of its failure to allege the local option election and its effect; this matter cannot be gone into in a habeas corpus proceeding, which cannot be used as a writ of error. See second headnote in case of Randall v. Tillis,

43 Fla. 43, 29 So. 540. Furthermore, a municipal court is not a court of record, and pleadings in such a court are not subject to as strict regulations as those in courts of record. The affidavit did not wholly fail to charge a violation of the ordinance. It advised the accused of "the nature and cause of the accusation against him," and afforded due process of law. See Wright v. Worth, 83 Fla. 204, 91 So. 87; 43 C. J. 458, 459.

Davis, J. (dissenting).—Under the long established decisions of this Court it is indispensable to allege, and prove, whether the proceedings be in a municipal court or in a state court, that a county has voted against the sale of intoxicating liquors, in order to maintain a penal proceeding or prosecution for unlawfully selling intoxicating liquors under circumstances where the sale can only be unlawful because of the result of a local option election duly called and held in the county resulting in a vote prohibiting such sale. Cook v. State, 25 Fla. 698, 6 Sou. Rep. 451.

An indictment or information for an offense (such as selling intoxicating liquors in a "dry" county) which can only exist because of the existence of facts outside the law itself, such as the vote of an election resulting in a prohibition of the sale of liquors in a county, must necessarily allege, *in order to charge any offense at all,* the fact of the holding of the involved local option election, and that it resulted against the sale of intoxicating liquors in the county named, as well as the fact of the prohibited sale. Randall v. Tillis, 43 Fla. 43, 29 Sou. Rep. 540.

Furthermore, the rule in this state is that municipal ordinances themselves must be pleaded when an offense under them is charged. Freeman v. State, 19 Fla. 552. In this case neither of the long established rules relating to the charging of violations under the involved municipal ordinance was complied with, so I think the judgment remand-

ing the prisoner was erroneous insofar as it remanded him for a proper sentence.

The judgment should have discharged petitioner from the conviction and remanded him for appropriate proceedings under an amended affidavit properly charging the violation of the ordinance prohibiting the sale of intoxicating liquors in the City of Arcadia, if indeed it is a municipality situate in a county that had voted against the sale of such liquors and was still in that status under the amended prohibition article as recited in the findings of the Circuit Judge.