## MIAMI SHORES VILLAGE v. McGAGHEY.

Circuit Court, Dade County, Criminal Appeal.
May 29, 1951.

Henderson, Louis, Shandelman & Wright, Miami, for appellant.

Anderson & Nadeau, Miami, for appellee.

CHARLES A. CARROLL, Circuit Judge.

The court has heard argument of counsel for the respective parties and has examined the record and the authorities involved, and is of the opinion that the conviction in this case should be affirmed.

The plaintiff's appeal from a conviction on a charge of driving an automobile while under the influence of liquor by the municipal court of the village of Miami Shores raises certain questions, two of which appear to this court to merit discussion in this opinion.

One is the contention, made on behalf of the appellant, that the village was not entitled to proceed against her on a "blotter entry" without a charge being made against her based upon some sworn statement or affidavit. The second point was that the court improperly received evidence of the result of a drunkometer test constituting evidence adverse to the appellant.

On the first of these questions, the appellant cites the Tampa case, Wright v. Worth (Fla.), 91 So. 87, and two later cases in support of the appellant's proposition that in the absence of a charter provision dispensing with a sworn statement as a basis for charging a person with a violation of an ordinance, a charge in the nature of a mere docket or blotter entry as a basis for prosecution does not constitute due process of law.

It was brought out that Tampa, Miami, Coral Gables, and perhaps others, have protected themselves by charter provisions which enabled prosecutions stemming from unsworn sources such as docket or blotter entries as a matter of expediting the making and imposition of charges of violation of municipal criminal ordinances. A holding that the use of such unsworn source of prosecution, with the aid of such charter provisions, is procedurally proper and amounts to due process, does not amount to any square holding that the use thereof without the enabling charter provisions would not be due process.

What is meant here is that (as stated in the Tampa case) due process of law requires that a person so charged "shall be duly advised of the nature and cause of the accusation against him

and have reasonable opportunity to conserve his defense, whether by securing witnesses or otherwise, and have it presented to and considered by the court before rendering judgment in the case." It is not necessary to hold, as a separate proposition, whether the lack of sworn statement as a basis for prosecution denies due process of law in the case of the village of Miami Shores. To me the answer seems to be that in some cases it would be, while in other cases it would not.

In this particular case, as shown by the record, including the appellant's brief, she was arrested while driving her car slightly after midnight on the 11th of December. She was handled in a manner which indicated that the arresting officers felt she was under the influence of liquor. She was not permitted to drive her car. She submitted to and was given a drunkometer test, and she was informed that she was charged with driving a car while under the influence of liquor, and would be required to submit to trial the night of the 11th. She went to an attorney during the day, and her attorney was able to get a continuance to give him time to represent her. He secured an audience with the chief of police, who is also assistant clerk of the municipal court, and with him discussed the nature of the charge and its basis. Thus it appears that in the present case the method used by the village of initiating the charge amounted to due process, in that certainly the defendant was duly advised of the nature and cause of the accusation against her and she was given reasonable opportunity to prepare a defense.

When the trial started, appellant's counsel moved to dismiss, and attempted to argue the point which has just been discussed above in this opinion. The record, pages 2 and 3, shows that the court, in effect, refused to entertain the argument, and denied the motion without permitting appellant's counsel to fully state his position and outline his contention and reasons. However, this court does not feel justified in reversing the conviction for the purpose of returning it to the lower court to consider and pass upon an argument which, having been fully made in this court on the appeal, appears not to be controlling in this case, as I have set out above.

On the other question as to the drunkometer test, the court is of the opinion that the result of the drunkometer test was not submitted in the manner in which it could be accepted by the court. An officer who saw the test made gave its results. It was clear that the officer himself had not made the test.

By the weight of authority, relating to these drunkometer tests, it is important that their accuracy and authenticity be established, which would seem to require that the expert actually conducting the test should testify. Also, the bare test, such as was reported to have been made in this case, is of little value without a further blood test and saliva test so as to determine on the one hand that it was intoxication and on the other hand that the condition was not brought about by illness or some other medical or chemical reason.

On that basis, the acceptance by the court of this drunkometer test report could well have called for a new trial, except for two circumstances, first, the fact that the drunkometer test showed an alcoholic condition barely above the dividing line, so that the evidence could hardly have been considered by the court as being strong or important, or a determining factor, and second, the record shows ample additional evidence on which the finding of guilt of the accused of the charge in question can be sustained.

Judgment affirmed.