## CITY OF GAINESVILLE v. HARVEY.
### No. 381.

Circuit Court, Alachua County, Criminal Appeal.

March 29, 1961.

William C. Andrews, Gainesville, for appellant.

W. Henry Barber, Jr., of Lazonby, Dell, Graham & Willcox, Gainesville, for appellee.

JOHN A. H. MURPHREE, Circuit Judge.

This is an appeal from the municipal court of the City of Gainesville. The defendant entered a plea of guilty to the charge of driving while intoxicated and requested a pre-sentence investigation and consideration by the court of withholding adjudication of guilty and placing him on probation under the supervision of the parole commission. The court adjudged the defendant guilty and imposed sentence but stated in its judgment that after considering the facts and circumstances surrounding the violation the court would have withheld adjudication of guilt and placed defendant on probation under the supervision of the parole commission if the court had authority to exercise that discretion. The court ruled, however, as a matter of law, that chapter 948, Florida Statutes 1959, did not authorize the municipal court to withhold adjudication of guilt and invoke the aid of the parole commission. The defendant appealed this ruling.

The issue raised in this appeal revolves around the meaning of the language in section 948.01, Florida Statutes 1959, which provides — "Any court of the state having original jurisdiction

of criminal actions, where the defendant in a criminal case has been found guilty by a verdict of a jury, or has entered a plea of guilty or a plea of nolo contendere or has been found guilty by the court trying the case without a jury, except for an offense punishable by death, may at a time to be determined by the court, without adjudging the defendant to be guilty, hear and determine the question of the probation of such defendant."

The defendant contends that the language in the statutes describing the courts to which the act is applicable is broad enough to include the various municipal courts in the state. The city, on the other hand, contends that the act is limited and excludes municipal courts, by section 932.01, Florida Statutes 1959 — "Original jurisdiction in criminal cases is vested in the circuit courts, criminal courts of record, county courts, county judge's courts and courts of justice of the peace."

The city also pointed out that offenses against municipal ordinances are not criminal prosecutions as contemplated by section 11, Declaration of Rights, Florida constitution, which guarantees the right to trial by jury "in all criminal prosecutions." Wright v. Worth, 83 Fla. 204, 91 So. 87.

Upon consideration of the holding that offenses against municipal ordinances are not "criminal prosecutions" so as to entitle the defendant to a trial by jury, and the exclusion of municipal courts from section 932.01, which vests original jurisdiction in "criminal cases" in the courts named therein, it appears that the language of section 948.01 authorizing any court of the state with original jurisdiction of "criminal actions" to withhold adjudication of guilt and place the defendant on probation was not intended to include municipal courts. The judgment of the lower court is therefore affirmed.