SMITH, D. C., Associate Judge.
On the 12th day of October, 1962, a petition was filed in the Juvenile Court of Broward County, which alleged that the appellant “is a Traffic Violating child within the intent and meaning of Chapter 39, Florida Statutes of 1951, in that: this child has violated an ordinance (28-48) of the City of Fort Lauderdale and Statutes 11.49.2 [sic] and 371.041 of the State of Florida having to do with the safe, proper and legal operation of a motor boat, to-wit: that on or about October 7, 1962, this boy did operate a motor boat in a reckless manner ; FURTHER, this boat did not have boat registration numbers.” A citation was duly issued. The appellant appeared before the Juvenile Court as directed and the Court, over the objection of the appellant, ordered the cause transferred to the Municipal Court of the City of Fort Lauder-dale.
The appellee concedes in its brief that the transfer of the cause to the Municipal Court of the City of Fort Lauder-dale was error, for the reason that such court does not have jurisdiction to determine violation of state statutes and that transfer should have been to the court having proper jurisdiction. The order transferring the cause to the Municipal Court is reversed.
*158 An additional question is raised on this appeal in that the appellant maintains that under Section 39.02(6), Florida Statutes, F.S.A., the Juvenile Court may not transfer a cause, without a demand for such transfer from the juvenile, unless the delinquent child is fourteen years of age or older, and who, if an adult, would be charged with a violation of Florida law constituting a felony. While the appellee maintains that the Juvenile Court has authority to transfer the cause to a court with proper jurisdiction as long as the alleged •charge is a violation of the laws of Florida regardless of a demand therefor from the child.
Section 39.02(6), Florida Statutes, provides :
“If the judge deems that any child brought into juvenile court as a delinquent child, who is fourteen years of age or older, and who, if an adult, would be charged with a violation of Florida law constituting a felony, should be transferred to the court which would have jurisdiction of the child if the child were an adult, or if any child brought into juvenile court as a delinquent child, and who, if an adult, would be charged with a violation of the laws of Florida, so demands prior to or at the commencement of the hearing before the court, the judge shall enter an order waiving jurisdiction and certifying the case to the court which would have jurisdiction of the child if the child were an adult, and thereafter the child shall be subject to the jurisdiction of the other court as if the child were an adult; * *
The statute is explicit. It is only in those cases where a delinquent child, who is fourteen years of age or older, and who, if an adult, would be charged with a violation of Florida law constituting a felony that the juvenile court has authority to transfer the cause to the court which would have jurisdiction of the child, if the child were an adult, regardless of the demand of the child. (Emphasis supplied.) As to non-felony violations of Florida law, there must be a demand from the child, or some other reason recognized by law, in order for the juvenile court to transfer the cause.
Reversed and remanded for further proceedings consistent with the foregoing.
SMITH, C. J., and ALLEN, J., concur.