CARROLL, Judge.
The petitioner Rafael Trujillo was arrested on a street of the City of Miami, at 4:10 o’clock A.M., on July 5, 1964, for traffic violations (“speeding, weaving and failing to obey traffic light”). He was taken to a municipal police station, booked and charged, in summonses returnable before the Metropolitan Dade County Court, as follows:
“Summons 4-032174: ‘Driving while under influence of intoxicating beverage in violation of Sec. 30-15A of the Code of Metropolitan Dade County.’
“Summons 4-037475: ‘Careless driving by speeding, weaving and failing to obey traffic light in violation of Sec. 30-17A of the Code of Metropolitan Dade County.’ ”
In the trial court the defendant moved to quash, contending the ordinance for the offense commonly referred to as drunk driving was invalid for vagueness, and contending the charge for that offense as stated in the summons was insufficient. The motion to quash and a motion of the defendant in the trial court for jury trial were denied. The defendant was tried and convicted on both charges. On the drunk driving charge he was fined $200 and sentenced to 48 hours in jail. He appealed the *392 drunk driving conviction to the circuit court, which affirmed. The matter is before us now on his petition for certiorari to review the circuit court’s judgment of af-firmance.
The petition for certiorari reveals that the three contentions asserted here were those presented and determined on the appeal to the circuit court. Compare State v. Katz, Fla.App.1959, 108 So.2d 60. Those contentions are, first, that the drunk driving charge was insufficiently stated; second, that the evidence was insufficient to support a conviction thereon; and third, that it was error to deny defendant’s motion for jury trial. On consideration of the record and briefs we conclude that the circuit court in rejecting those contentions did not depart from essential requirements of law.
The offense of driving while intoxicated is set out in § 30-15A of the Metro Code as follows:
“It is unlawful for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, when affected to the extent that his or her normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this county.”
Under the Metro Charter it was not necessary, in charging an offense under that section, to do so by an indictment or information or a formal complaint, and prosecution thereunder could proceed on a docket entry which is “sufficient to put the accused upon notice of the offense with which he is charged.”
In our opinion the accused was sufficiently put on notice of the offense involved when he was charged with driving while under the influence of intoxicating beverage "in violation of Sec. 30-15A of the Code of Metropolitan Dade County.” Wright v. Worth, 83 Fla. 204, 91 So. 87; Housh v. Anderson, 128 Fla. 713, 175 So. 521.
Regarding the contention that the evidence was insufficient to support the conviction on the drunk driving charge, the jurisdiction to review such question by appeal was in the circuit court, and we are not persuaded that the record affords basis for this court to disturb the ruling thereon by that court as being a departure from essential requirements of law.
Under the Charter and Code of Metropolitan Dade County provision is, made for a jury trial, upon demand, of an offense which is made punishable by a fine exceeding $500 or by imprisonment for more than 60 days.[1] Neither the fine nor the jail term prescribed for the offense involved here were of the magnitúde for which a jury trial is allowed.[2] And, as *393 held in Boyd v. County of Dade, Fla.1960, 123 So.2d 323, where the fine and jail term prescribed for the offense are less than those for which jury trial is provided for in the Metro Charter, the accused is not entitled to jury trial. However, the petitioner contended on his appeal to the circuit court, and again here, that although neither the amount of the fine nor the length of the jail term authorized by ordinance to be imposed for the offense in question was sufficient to invoke the provision for jury trial under the Charter and Code, the fact that both a fine and a jail term were authorized to be imposed entitled him to a jury trial. That contention is without merit. Imposition of both penalties does not operate to increase the authorized maximum amount for a fine or length of jail term, for the offense involved.
The Charter of Metropolitan Dade County (§ 6.15(D) authorizes fines up to $1,000 or jail terms up to one year, or both. The same section of the Charter contains the provision for jury trial. The fact that the Charter contemplates and provides that both a fine and a jail term may be imposed as punishment for an offense, yet makes no exception or provision for jury trial in instances where authority is granted by ordinance to inflict both penalties, serves to place a further gloss on the clear wording of the charter, wherein it makes provision for jury trial only for an offense which is made punishable by a fine of more than $500 or by a jail term of more than 60 days. As held in Boyd v. County of Dade, supra, an accused traffic offender under the Metro Code does not have a constitutionally guaranteed right to a jury trial. To be entitled to a jury trial for which the Charter does make provision, the offense must be one which meets the terms and conditions of the provision of the Charter granting it The offense involved here did not do so.
We hold, therefore, that the circuit court did not depart from essential requirements of law by sustaining the ruling of the trial court that the accused was not entitled to a jury trial where neither the fine nor the jail term prescribed for the offense in question exceeded the amount (in the case of the fine) or the period (in the case of the jail term) required under the Charter and Code to entitle an accused to jury trial.
Accordingly, certiorari is denied and the petition is dismissed.

. § 6.15(D) of the Home Hule Charter provides:
“No person shall upon conviction for the violation of any county ordinance be punished by a fine exceeding $1,000 or imprisonment in the county jail for more than one year or by both such fine and imprisonment. If the offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days, the accused shall be entitled to a trial by jury upon demand.”
§ 11-14 of the Code of Metropolitan Dade County, following and implementing the Charter, contains the following provision with respect to jury trial:
“If an offense is punishable by a fine exceeding five hundred dollars or by imprisonment in the county jail for more than sixty days, the accused is entitled to a trial by jury upon demand made at any time before the commencement of bis trial.”

. The punishment prescribed for first conviction of the drunk driving offense as defined in § 30-15 (a) is set out in subsection (b) of that section of the Code as follows: “Every person who is convicted of a violation of subsection (a) shall for first conviction thereof be punished by imprisonment for not less than forty-eight hours nor more than sixty days or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by both such fine and imprisonment; * * * ”