HENDRY, Chief Judge.
Appellants, respondents below, appeal from a final judgment in a mandamus proceeding. The appellee, Willie Lee Bishop, was charged with driving while under the influence of intoxicating liquor in violation of § 30-15 of The Code of Metropolitan Dade County, Florida. Prior to the trial date Bishop requested the Metropolitan Court of Dade County to grant him a jury trial. His request was denied. Whereupon he petitioned the circuit court for a writ of mandamus. An alternative writ of mandamus and a rule to show cause were issued. The respondents filed a motion to quash and response. Upon hearing, the circuit court denied the motion to quash, granted a peremptory writ of mandamus and entered final judgment directing that the petitioner be given a jury trial.
The pertinent parts of the order and opinion of the trial judge in this case were set forth by Judge Swann in his dissenting opinion in Trujillo v. State, Fla.App.1966, 187 So.2d 390. The question here under consideration has been ruled upon by this court in the Trujillo case. In the majority opinion, the court speaking through Judge Carroll said at 187 So.2d 392, 393:
“Under the Charter and Code of Metropolitan Dade County provision is made for a jury trial, upon demand, of an offense which is made punishable by a fine exceeding $500 or by imprisonment for more than 60 days. Neither the fine nor the jail term prescribed for the offense involved here were of the magnitude for which a jury trial is allowed. And, as held in Boyd v. County of Dade, Fla.1960, 123 So.2d 323, where the fine and jail term prescribed for the offense are less than those for which jury trial is provided for in the Metro Charter, the accused is not entitled to jury trial. However, the petitioner contended on his appeal to the circuit court, and again here, that although neither the amount of the fine nor the length of the jail term authorized by ordinance to be imposed for the offense 'in question was sufficient to invoke the provision for jury trial under the Charter and Code, the fact that both a fine and a jail term were authorized to be imposed entitled him to a jury trial. That contention is without merit. Imposition of both penalties does not operate to increase the authorized maximum amount for a fine or length of jail term, for the offense involved.
' “The Charter of Metropolitan Dade County (§ 6.15 (D) ) authorizes fines up to $1,000 or jail terms up to one year, or both. The same section of the Charter contains the provision for jury trial. The fact that the Charter contemplates and provides that both a fine and a jail term *368 may be imposed as punishment for an offense, yet makes no exception or provision for jury trial in instances where authority is granted by ordinance to inflict both penalties, serves to place a further gloss on the clear wording of the charter, wherein it makes provision for jury trial only for an offense which is made punishable by a fine of more than $500 or by a jail term of more than 60 days. As held in Boyd v. County of Dade, supra, an accused traffic offender under the Metro Code does not have a constitutionally guaranteed right to a jury trial. To be entitled to a jury trial for which the Charter does make provision, the offense must be one which meets the terms and conditions of the provision of the Charter granting it. The offense involved here did not do so.
“We hold, therefore, that the circuit court did not depart from essential requirements of law by sustaining the ruling of the trial court that the accused was not entitled to a jury trial where neither the fine nor the jail term prescribed for the offense in question exceeded the amount (in the case of the fine) or the period . (in the case of the jail term) required under the Charter and Code to entitle an accused to jury trial.”
It is apparent that the judgment appealed from is in conflict with our holding in Trujillo, therefore, it should be and is hereby reversed.
Reversed.