CARROLL, Judge.
The petitioner Leonard Joseph Florio brings on for review by certiorari an order of the. circuit court affirming his conviction by the Dade County Metropolitan court of a traffic offense which occurred within a municipality in Dade County.
The petitioner contends that in entering the order under review the circuit court departed from essential requirements of law by holding that his arrest and prosecution by an officer of the Florida Highway Patrol for a traffic offense occurring in a municipality in the county was authorized, and by holding the trial court properly denied his motion to quash the charge made against him, for insufficiency.
The offense involved is provided for by the Code of Metropolitan Dade County (§ 30-15) as follows:
“(a) It is unlawful and punishable as provided in subsection (b) for any person who is an habitual user of narcotic drugs or any person who is under the influence of alcoholic beverages, narcotic drugs, barbiturates or central nervous system stimulants as defined in Section 404.01, Florida Statutes, when affected to the extent that his or her normal faculties are impaired, to drive or to be in actual physical control of any vehicle within this county.”
In his prosecution in the Metropolitan Court, following his arrest by an officer of the Florida Plighway Patrol, the defendant moved to quash the charge. The motion was denied and he was found guilty. He appealed to the circuit court, which affirmed.
The first contention made by the petitioner here is without merit. The Traffic Code of Metropolitan Dade County operates throughout the county and in the municipalities therein. Miami Shores Village v. Cowart, Fla.1958, 108 So.2d 468. Under the Code, Florida Highway Patrolmen are expressly authorized to make arrests for violations of Metro traffic regulation ordinances occurring within a municipality in the county.[1]
Petitioner’s second contention appears to have merit. The highway patrolman making the arrest filled out a form designated “Uniform Traffic Ticket and Complaint,” which is provided for under § 317.112 Fla.Stat., F.S.A., and that became the “docket” charge under which the petitioner was prosecuted.
The Home Rule Charter of Metropolitan Dade County, Art. 6, § 6.15(C) deals with the manner of charging complaints under the Code, as follows:
“(C) Arrests, complaints, prosecutions, and convictions shall be instituted and processed in the manner provided by the rules of the Court. When the complaint is made in the name of the county, a formal complaint shall not be necessary to give the Court jurisdiction of offenses triable in such Court, but the accused may be tried for the offense for which he is docketed, provided such docket entry is sufficient to put the accused upon notice of the offense with which he is charged.”
The determinative question, with reference to this second contention of the petitioner, is whether the charge as laid or *291 stated in the form used met the requirement that it be “sufficient to put the accused upon notice of the offense with which he is charged.”
A portion of the traffic ticket used in this case, showing the statement of the charge or complaint against the petitioner is set out here in its exact form, viz:

It will he observed from the foregoing that the violation charged was designated as “driving while under influence of intoxicating bev.”, but in the blank space reserved in the form for inserting the section of the state statute (if the offense was one *292 in violation of a statute) or of the “local ordinance” (if the offense was under such an ordinance) no section number was given. Also, it is to be noted that the officer checked both “state statute” and “local ordinance.” Therefore, not only did the complaint fail to designate the section of a statute or ordinance under which the charge was laid, but indicated that the accused was being charged with violation of both a state statute and a local ordinance, without designating the section number of either.[2]
Respondent argues that the charge as made in this case should be held sufficient on the authority of Housh v. Anderson, 128 Fla. 713, 175 So. 521. In that case the Supreme Court approved as sufficient a charge by a municipality that the defendant “did sell intoxicating liquor contrary to the ordinance of the City of Arcadia, Florida, in such case made and provided.” In our opinion that argument of respondent is without merit. The two cases are substantially different. In Housh v. Anderson, supra, the mere statement of the offense of sale of intoxicating liquor was sufficiently informative of the nature of the offense being charged. This is so because the ordinance involved there was one enacted under a Local Option (prohibition) law, which prohibited sale of intoxicating liquors within the city. Under that ordinance the language used to state the charge did not omit any material element. In the instant case the offense as stated in the complaint of “driving while under the influence of intoxicating bev” was not the offense as defined in the applicable section 30-15 of the Metropolitan Code, which proscribed driving when under the influence of intoxicating liquor “to the extent that his or her normal faculties are impaired.”
The docket complaint of driving while under the influence of intoxicating liquor or “beverage” without further specifying the language of the ordinance “when affected to the extent that his or her normal faculties are impaired” would have been sufficient if it had included a designation of the section of the ordinance involved; and we so held in Trujillo v. State, Fla.App.1966, 187 So.2d 390, 392. See also Wright v. Worth, 83 Fla. 204, 91 So. 87.
However, in this case where the wording of the applicable ordinance must be resorted to in order to ascertain the nature of the offense, and the prescribed form for stating such a charge made provision for designation of the section number of the ordinance under which the charge was laid, the failure to more fully state the charge as defined in the ordinance or to include the ordinance section number rendered the complaint deficient in a material respect, and insufficient to properly and adequately put the accused on notice of the offense with which he was charged.
We hold, therefore, on the facts of this case, that the petitioner’s challenge of the charge for insufficiency by motion to quash in the trial court was meritorious, and that in holding to the contrary on appeal the circuit court departed from essential requirements of law. Accordingly, the order under review is quashed, and the cause is remanded to the circuit court with direction to reverse the judgment of conviction for insufficiency of the charge.
It is so ordered.

. The Code of Metropolitan Dade County, § 30-1(34) defines police officer as follows:
“Every officer authorized to direct or regulate traffic or to mate arrests for violations of traffic regulations including Florida Highway Patrolmen, sheriffs, deputy sheriffs, and municipal police officers.”
§ 30-165(a) of the Code provides:
“It shall be the duty of police officers of Dade County and municipal police officers within their boundaries to enforce the provisions of this chapter to make arrests for traffic violations, to assist in the prosecution of persons charged with such violations. * * * ”

. The figures appearing on the complaint form at the place for insertion of a statute or ordinance section number, that is, “1 a 2” obviously do not relate to a Section of a state statute (§ 317.201 Fla. Stat., F.S.A.) or Metro ordinance (§ 30-15 of the Code) dealing with such a charge, but are definitive of the nature of the case for data processing of court records.