### STATE, ex rel. PHILLIPS v. MUNICIPAL COURT OF FORT LAUDERDALE, et al.

Nos. 70-1854, 70-1883, 70-2020, 70-2927.

Circuit Court, Broward County.

June 22, 1970.

T. Paul Hodge of Sandstrom & Hodge, Fort Lauderdale, for the relators.

A. R. Morsillo, City Prosecutor, for the respondents.

STEPHEN R. BOOHER, Circuit Judge.

*Writs of prohibition absolute:* These causes came on for hearing pursuant to rules nisi in prohibition issued March 12, 1970, in case no. 70-1854; March 13, 1970, in case no. 70-1883; and March 18, 1970, in case no. 70-2020. The rule nisi in case no. 70-2927 was returnable August 7, 1970, but by stipulation of counsel it was considered with the other cases, since all involve the same questions of law.

In each of these cases, the relator stands charged in the municipal court of the city of Fort Lauderdale with a violation of one of the ordinances of that city. In each case the municipal court acquired jurisdiction of the relator pursuant to an arrest warrant signed in the name of the municipal judge by an assistant clerk of the municipal court. In each case the relator stood mute at arraignment and objected to any further proceedings upon the warrant pursuant to which he had been arrested.

The relators challenge the jurisdiction of the municipal court on two grounds — first, on the ground that the court is without jurisdiction to determine violations of state statutes; and secondly, on the ground that the warrants were issued without a prior determination of probable cause, as required by the fourth amendment to the constitution of the United States. They ask that a writ absolute issue prohibiting the respondents from bringing them to trial.

The attack upon the jurisdiction of the municipal court to determine violations of state statutes is based upon the wording of §28-48 of the code of ordinances of the city of Fort Lauderdale, under which each of the relators was charged. That section provides —

"It shall be unlawful for any person to commit, within the corporate limits of the city, any act which is or shall be recognized by the laws of the state as a misdemeanor, and the commission of such acts is hereby forbidden.

"Whoever shall violate the provisions of this section, upon conviction thereof, shall be punished by the same penalty as is therefor provided by the laws of the state, but in no case shall such penalty exceed a fine of five hundred dollars, or an imprisonment for more than ninety days, or both such fine and imprisonment in the discretion of the municipal judge."

The relators contend that in order to find that this section has been violated it is first necessary to determine that a state statute has been violated, and that the municipal court is without jurisdiction to do so. They rely on In re C.A.P., Fla. App. 1963, 155 So.2d 157, which is clearly distinguishable. There the defendant was charged with a violation of §28-48 and *also* with a violation of §371.041, Florida Statutes; here there are no state statute charges.

The relators concede that the municipal court would have jurisdiction if all state statutes on misdemeanors were enacted as ordinances of the city. They likewise concede that there would be jurisdiction if all such statutes were enacted by reference, as is done by many municipalities in the case of the Model Traffic Ordinance, chapter 186, Florida Statutes. This seems to be a distinction without a difference.

The plain wording of the second paragraph of the ordinance requires the municipal judge to determine if *that* section has been violated; it does not call for a determination that a state statute has been violated. This distinction has been recognized by our appellate courts, and the validity of similar ordinances has been determined. Cf. Orr v. Quigg, 1938, 135 Fla. 653, 185 So. 726; State ex rel. McFarland v. Roberts, Fla. 1954, 74 So.2d 88. The first contention of the relators, therefore, must be rejected.

The attack upon the validity of the warrants pursuant to which the relators were arrested, however, must be sustained. In each case the warrant was issued by an assistant clerk in the name of the municipal judge based upon an affidavit taken by the assistant clerk which charged the violation of an ordinance of the city. Assistant Clerk William M. Parks testified that he had no discretion to accept or refuse the affidavit charging the offense, and that if such an affidavit was tendered, he was required to accept it and to issue an arrest warrant thereon. He admitted that he made no determination of probable cause before issuing the warrant.

The issuance of arrest warrants is controlled by §131 of the charter of the city, which provides, *inter alia* —

"The clerk or an assistant clerk of the municipal court . . . shall take the affidavit of any affiant charging any person with the violation of the laws and ordinances of the city, shall issue warrants of arrest upon such affidavit *in the name of the judge of said court* and under the seal of city of Fort Lauderdale, except that the clerks shall not issue search warrants."

The city attorney takes the position that the provisions of this section are mandatory and has so advised the clerk of the municipal court. Pursuant thereto, the clerk and assistant clerks do not in fact exercise any discretion and it is conceded that they did not make any determination of probable cause before issuing the warrants here challenged. As a consequence, each warrant was issued in violation of the fourth amendment of the United States constitution and §12 of the declaration of rights of the constitution of the state of Florida.

The fourth amendment of the United States constitution provides —

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The requirement of a finding of probable cause applies to arrest warrants as well as search warrants. Giordenello v. United States, 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503. Further, the fourth amendment is applicable to and binding upon states and municipalities through the fourteenth amendment. Aguilar v. Texas, 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723; Ker v. California, 374 U. S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726; Recznik v. City of Lorain, 393 U. S. 166, 89 S. Ct. 342, 21 L. Ed. 2d 317; United States v. Melvin, 258 F. Supp. 252.

The language of §12 of the declaration of rights of the Florida constitution is virtually identical. It provides —

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, sup-

ported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained."

The respondents rely upon Attorney General Opinion 068-61, issued April 19, 1968, as supporting their position that an assistant clerk who is not connected with law enforcement has the authority to take affidavits and issue warrants. They overlook, however, the basis for this conclusion. The attorney general said —

"As I see it, there is no less reason why a neutral and detached magistrate should pass upon whether an arrest warrant is to be issued than there is for such a magistrate to pass upon whether a search warrant should be issued; a man should not be deprived of his personal liberty under an arrest warrant without observing safeguards equal to those which must be observed in order to obtain a search warrant to search his premises . . . Therefore, I think that the Johnson [Johnson v. United States, 333 U. S. 10, 68 S. Ct. 367, 92 L. Ed. 436] standards are to be applied through the Fourteenth Amendment to state arrest warrants and that such a warrant may be issued only after a 'neutral and detached magistrate' has weighed the evidence presented to him and has determined that it justifies the issuance of an arrest warrant."

It is clear that the method employed in issuing the warrants here challenged offends the fourth amendment of the United States constitution and §12 of the declaration of rights of the constitution of Florida. It offends common sense as well. There is something fundamentally repugnant in a procedure which would allow a person motivated by spite or ill will to charge another maliciously and without probable cause with an offense involving, let us suppose, moral turpitude, and which then *requires* the clerk to accept such an affidavit, issue a warrant and subject the person falsely charged to the indignity of being arrested, booked, fingerprinted, photographed and bonded, and to the stigma of having such an arrest carried on his permanent FBI record for the rest of his life — all without any determination of probable cause. If there were any question as to the invalidity of the procedure here employed, the spectre of such a potential miscarriage of justice should resolve it.

This court concludes, therefore, that the arrest warrants here challenged were issued in violation of law and are void. Accordingly, the municipal court of the city of Fort Lauderdale lacks jurisdiction over the person of the relators, and the rules nisi heretofore issued should be made absolute.

It should be made clear that in reaching this conclusion the court has not been required to pass upon the constitutionality of §131 of the charter of Fort Lauderdale. A statute may be unconstitutional *per se* or unconstitutional as applied. In these cases, it is the application that is disapproved. As a result, we are not here presented with the question of whether §131 can be construed to confer the powers of a "neutral and detached magistrate" upon the clerk of the municipal court of the city of Fort Lauderdale and his assistant clerks. Likewise, we are not presented with the further question of whether §131 can be construed as granting the clerk and assistant clerks the authority by implication to make determinations of probable cause. These questions are not presented because the clerk and assistant clerks do not pretend to be magistrates or to make determinations of probable cause; accordingly, we pretermit any decision with respect to such questions. We do, however, condemn the issuance of warrants by persons not empowered to act as magistrates and without a prior determination by such a magistrate that probable cause exists for the issuance of the warrant.

It is well settled that a court will not pass upon the constitutionality of a statute if the case in which the question arises may be effectively disposed of on other grounds. Mounier v. State, Fla. 1965, 178 So.2d 714; State v. Green, Fla. 1965, 174 So.2d 546; 6 Fla. Jur., *Constitutional Law*, §52 and cases there cited. See, also, Board of County Commissioners of Polk Co. v. Sloan, Fla. App. 1968, 214 So.2d 74. This is particularly true in a case where, as here, the constitutionality of the charter section in question is neither directly challenged by the pleadings nor raised by the evidence. On the other hand, this court recognizes that it has a duty to speak where the matter is of great importance and affects the powers and duties of public officials. For this reason we feel constrained to state that we agree with the city attorney that §131 of the city charter vests no discretion in the clerk or assistant clerks of the Fort Lauderdale municipal court to reject a proffered affidavit or to make any determination of probable cause, as required by the fourth amendment of the United States constitution and §12 of the declaration of rights of the constitution of Florida. We note, therefore, the doubtful constitutionality of §131 of the City Charter. See: Wong Sun v. United States, 371 U. S. 471, 481-482, 83 S. Ct. 407, 414, 9 L. Ed. 2d 441, 451 (1963) ; Giordenello v. United States, 357 U. S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958); Jaben v. United States, 381 U. S. 214, 85 S. Ct. 1365, 14 L. Ed. 2d 345 (1965). Compare: State v. Paulick, 277 Minn. 140, 151 N. W. 2d 591 (1967) ; Caulk v. Municipal Court for City of Wilmington, Del. 1968, 243 A. 2d 707; State v. Simpson, 28 Wis. 2d 590, 137 N. W. 2d 391 (1965).

One further point merits comment even though it was not raised by either side nor relied upon by counsel. This court has considered the fact that municipal courts have jurisdiction to try offenders on docket charges without the necessity of first obtaining an affidavit and issuing an arrest warrant. Compare: Wright v. Worth, 1922, 83 Fla. 204, 91 So. 87; Housh v. Anderson, 1937, 128 Fla. 713, 175 So. 521; Trujillo v. State, Fla. App. 1966, 187 So.2d 390. It could be argued from this that the trials in these cases will be based on docket charges rather than upon the challenged warrants, and that the invalidity of the warrants here questioned would not deprive the respondents of jurisdiction to try the relators on the docket charges.

This line of argument must be rejected for a number of reasons. First, there is no affirmative evidence that formal charges were docketed after the arrest of the relators on the affidavits and warrants. Secondly, §133 of the charter of the city of Fort Lauderdale, which covers docketing of cases, provides that where a person is charged by affidavit and warrant, the trial is upon the warrant rather than on any formal charge subsequently docketed.

Further, we believe the relators preserved their right to challenge the municipal court's jurisdiction by entering special appearances and by not pleading to the charges; each stood mute and objected to further proceedings on the challenged warrants. The relators, therefore, did not submit themselves to the jurisdiction of the court on any docket charges that may have been filed.

Finally, we believe and hold that the invalidity of the procedure by which the arrest warrants were issued and by which the respondents purported to obtain jurisdiction of the person of the relators infects all subsequent proceedings predicated on such warrants. Such invalidity cannot be cured by the purely ministerial act of filing a formal charge based on the invalid warrant; if it could be, the constitutional safeguard would be meaningless — words without substance. We do not conceive that this basic right can be so easily thwarted and denied.

Consequently, if there are further attempts by the city of Fort Lauderdale to prosecute the relators on the charges here involved, jurisdiction of the relators must first be properly acquired by virtue of lawful arrests pursuant to new arrest warrants validly issued in accordance with constitutional standards. This means that any such new arrest warrant must be issued by a duly constituted magistrate empowered to make determinations of probable cause and only after such magistrate has in fact made a determination that probable cause exists for the issuance of the warrant. Cf. Caulk v. Municipal Court for City of Wilmington, supra.

Based on the foregoing, it is ordered and adjudged as follows —

1. The arrest warrants here challenged were issued in violation of the fourth amendment of the United States constitution and §12 of the declaration of rights of the constitution of Florida. The said warrants are void and the respondents, therefore, lack jurisdiction to try the relators pursuant thereto.

2. The respondents, the municipal court of the city of Fort Lauderdale, and James B. Balsiger, judge of said court, be and they are hereby prohibited from bringing relator Betty Phillips to trial on warrant #7828, warrant #7835 and warrant #7838, being case nos. R-16030, R-16031 and R-16048 in the municipal court of the city of Fort Lauderdale, and they are prohibited from exercising any further jurisdiction in said cases pursuant to said warrants and any formal charges subsequently docketed thereupon.

3. The respondents, the municipal court of the city of Fort Lauderdale, and James B. Balsiger, judge of said court, be and they are hereby prohibited from bringing relator Shirley Collins to trial on warrant #7762, warrant #7829 and warrant #7831, being case nos. R-16027, R-16028 and R-16029 in the said municipal court, and they are prohibited from exercising any further jurisdiction in said cases pursuant to said warrants and any formal charges subsequently docketed thereupon.

4. The respondents, the municipal court of the city of Fort Lauderdale, and James B. Balsiger, judge of said court, be and they are hereby prohibited from bringing relator Albert Frank Taylor to trial on warrant #8018, being case no. R-16423 in the said municipal court, and they are prohibited from exercising any further jurisdiction in said case pursuant to said warrant and any formal charge subsequently docketed thereupon.

5. .The respondents, the municipal court of the city of Fort Lauderdale, and James B. Balsiger, judge of said court, be and they are hereby prohibited from bringing relator Otis Jones to trial on warrant #8436, being case no. R-17588 in the said municipal court, and they are prohibited from exercising any further jurisdiction in said case pursuant to said warrant and any formal charge subsequently docketed thereupon.

6. The sheriff of Broward County shall cause a certified copy of this writ to be served upon Henry C. McHale, clerk of respondent the municipal court of the city of Fort Lauderdale, and upon the Honorable James B. Balsiger, as judge of said court, and to file his return indicating such service.