## STRINGER v. STATE.
Appeal No. 75-34703.    Case No. 75-62272.
Circuit Court, Dade County, Criminal Appeal.

May 5, 1976.

140

Phillip A. Hubbart, Public Defender, Karen M. Gottlieb, Assistant Public Defender, for the appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for the appellee.

ALAN R. SCHWARTZ, Circuit Judge.

*Final order of reversal:* This cause comes before the court on appeal from a conviction in the county court for refusal to sign a summons in violation of Florida Statutes §318.14(3) and a sentence of $25 fine and $7 court costs. The defendant-appellant raises three points on appeal — in point one, he challenges the sufficiency of the charging document to afford adequate notice of the crime charged; in point two, he contends that the evidence was insufficient to support a conviction under §318.14(3) and contends that he was convicted of violating a crime with which he was not charged; in point three, he challenges the trial court's imposition of court costs against him in that he is an indigent.

A reversal of the judgment of conviction and sentence is mandated on the grounds set forth in the defendant's second point on appeal. Therefore, this court need not consider the arguments raised in points one and three of the defendant's brief.

The record reflects that on July 26, 1976, the defendant was cited for a traffic violation. The arresting officer testified at trial that on the day in question, he had asked the defendant to sign the summons for the traffic violation and the defendant did not respond to the request. According to the officer, when the defendant was informed that he would have to post a bond for failure to sign the summons, the defendant requested that he be allowed to sign the summons. The officer did not then allow the defendant to sign the summons, but instead, arrested him for refusal to sign the summons.

The defendant and a witness to the incident testified at trial that the officer never requested the defendant to sign a summons, but instead, only requested that he follow the officer to the police vehicle. The defendant testified that when the officer informed him that he was under arrest for refusing to sign a summons, he

explained that the officer had not asked him to sign a summons and he then requested that he be allowed to sign. The officer refused to allow the defendant to sign the summons and placed him under arrest.

The charging document issued to the defendant indicates that he was charged with violating Florida Statutes §318.180(c) by his "refusal to sign summon[s]." The document originally had the numerical designation of 318.04(3), but that number was stricken.

The record reflects that the state adduced insufficient evidence to support a conviction under §318.14(3). §318.14(2) provides an individual cited for an infraction with two alternatives — he or she may post a bond or may sign and accept a citation indicating a promise to appear. §318.14(3) provides —

> "Any person who willfully refuses to post bond or accept and sign a summons shall be guilty of a misdemeanor of the second degree."

The clear import of subsections (2) and (3) is that the state, in order to establish a prima facie case of guilt, must present proof that the defendant not only willfully refused to accept and sign a summons, but also willfully refused to post a bond. In the instant case, the state presented no evidence as to whether the defendant refused to post a bond. Thus, the evidence was insufficient to sustain a conviction under the statute.

That being the case, it is unnecessary for this court to consider whether the state presented sufficient evidence to prove that the defendant willfully refused to accept and sign a summons.

Even assuming the state had adduced sufficient evidence to support a conviction under §318.14(3), the defendant's conviction could not stand since the charging document was legally improper and insufficient. The document charged the defendant with violating §318.180(c), not §318.14(3). The state has conceded that there is no extant Florida Statutes §318.14(3). Further, while the charging document gives a factual description of the defendant's alleged criminal act, the facts alleged do not constitute a criminal offense. The defendant was thus charged with violating a nonexistent statute and this error was not cured by the deficient factual allegation in the charging document. *Florio v. State,* 192 So.2d 289 (Fla. 3d Dist. 1966). His conviction of a crime not charged is in derogation of due process of law. *Eaton v. City of Tulsa,* 415 U.S. 697 (1974); *State ex rel. Meyerson v. Askew,* 269 So.2d 671 (Fla. 1972); *D.M.M. v. State,* 275 So.2d 308 (Fla. 2d Dist. 1973).

For the reasons stated, the judgment of conviction is reversed and the sentence vacated.