PER CURIAM.
The appellant appeals a summary declaratory judgment entered by the trial court in which the question involved and the trial judge’s findings are comprehensibly set forth.
We affirm the learned trial judge and adopt his summary declaratory judgment as the opinion of this court:
“This is a declaratory action brought by the Board of County Commissioners of Polk County against D. H. Sloan, Jr., a former Clerk of the Circuit Court of said County, and Paul Vaughn, the present Clerk of the Circuit Court of said County for a declaration as to the rights of the respective parties to the commissions paid to each of the defendants by the Comptroller of the State of Florida on the sale of State Documentary Tax Stamps by each of the defendants while holding the office of the Clerk of the Circuit Court. All parties to the action filed Motions for a Summary Judgment or Decree and the cause was heard by the Court on such Motions and the pleadings and admission of facts on file in the cause.
“The Court finds that the parties have a bona fide doubt as to their rights and that a bona fide controversy exists between them with respect thereto, that there is no genuine issue of fact and that a declaration of rights should be summarily made and decreed.
“The Motions for Summary Judgment, the pleadings and admission of facts on file in the cause present for determination the following question:
“Are the defendants, required by virtue of the provisions of Chapter 61-1371, Laws of Florida, to include, report and pay over to the County as excess fees of the office of the Clerk of the Circuit Court of Polk County, Florida, the commissions received by each of the defendants as compensation for acting as an agent of the State Comptroller in the sale of State Documentary Tax Stamps while holding the office of Clerk of the Circuit Court?
“The defendants have raised the question of the unconstitutionality of Chapter 61-1371, Laws of Florida, on the ground that it is a special or local law applicable only to Polk County purporting to regulate the fees of a County officer in violation of Section 20 and 21 of Article III of the Constitution of the State of Florida [F.S.A.]. If the above question involved can be answered and the case decided without passing upon the constitutionality of said Legislative Act, it is well settled that the Court will not pass upon the constitutionality of the Act.
“Upon consideration of Chapter 61-1371 and the pleadings and admission of facts on file in this cause, the Court finds as follows :
“That Chapter 61-1371 is simply an Act fixing the salaries of the Clerk of the Circuit Court (and other officers) in Counties having a population of not less than 175,000 and not more than 200,000 according to the last official census whose compensation for his official duties is paid wholly or partly by fees or commissions and defines the term ‘fees and commissions’ as all fees and commissions paid into such office or to such officer by virtue of his holding such office, including all fees received by the Clerk in the sale of Documentary Tax Stamps. This Act, applying only to the Counties within the stated population bracket which the Court takes judicial notice includes only Polk County, does not purport to make it an official duty of the Clerk to sell Documentary Tax Stamps, in fact, the plaintiff’s admission of facts admits that the sale of Documentary Tax Stamps is not an official duty of the Clerk. The Court, therefore, finds that the sale of Documentary Tax Stamps is not an official duty of the Clerk of the Circuit Court.
“The Court further finds that it has been the custom and practice of the Comptroller of the State of Florida to engage as his agent in the sale of Documentary Tax Stamps the services of a person *76 connected with institutions at various locations where the use of Documentary Tax Stamps are required in large volume and to compensate such agent by paying him a commission based upon the amount of stamps sold through his agency. That because of the numerous documents filed in the office of the Clerk of the Circuit Court which required State Documentary Tax Stamps to be affixed thereto, it was convenient and expedient that the Comptroller engage the services of someone located in the Clerk’s office as his agent to handle and be responsible for the sale of such stamps and that, consequently, the Comptroller engaged the services of both of the respective defendants as individuals during the time each has held the office of the Clerk of the Circuit Court to act as the Comptroller’s agent in the sale of such stamps and that the respective defendants were required, as individuals, to post with the Comptroller a bond to protect the Comptroller in connection with the sale of stamps in such agencies and in the instance of the defendant, Paul Vaughn, the premium on such bond was paid by the Comptroller. The Court, therefore, further finds that the compensation received by the defendants as agents of the Comptroller in the sale of State Documentary Tax Stamps while holding the office of the Clerk of the Circuit Court are not fees or commissions paid into the office of the Clerk of the Circuit Court nor to the defendants by virtue of holding the office of Clerk of the Circuit Court nor was such compensation paid to or received by either of the defendants in his official capacity as Clerk of the Circuit Court. That such compensation was paid to each of the defendants by the Comptroller pursuant to an independent contract between the Comptroller and each of said defendants as individuals and not in their official capacities as Clerk of the Circuit Court, therefore, such compensation was and is not a part of the statutory compensation of either of the defendants in his official capacity as Clerk of the Circuit Court.
“IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendant, D. H. Sloan, Jr., was not, and the defendant, Paul Vaughn is not, required to include, report and pay over to the County as excess fees of the office of the Clerk of the Circuit Court of Polk County, Florida, the commissions received by each of the said defendants as compensation for acting as agent of the Comptroller of the State of Florida in the sale of State Documentary Tax Stamps while holding the office of Clerk of the Circuit Court.
“The Court does not pass upon the constitutionality of Chapter 61-1371, Laws of Florida, in view of the fact that the question involved has been determined and the cause decided on other grounds.”
Affirmed.
LILES, C. J., and PIERCE and HOB-SON, JJ., concur.