PER CURIAM.
We affirm the trial court’s order without prejudice to the petitioner to file another petition in the trial court pursuant to section 390.001, Florida Statutes (Supp.1988).
Since there is no record of the hearing before the trial court, the petitioner has failed to demonstrate that the trial court erred in entering the following order:
THIS MATTER came on for hearing pursuant to the petition of J.V. The Court in accordance with F.S. 390.001 and FLR.Cv.P. 1.610 et seq, [sic] has conducted a hearing and hereby makes the following findings of fact and conclusions of law.
J.V., a Sixteen year old High School Junior, appeared before the Court and *770 indicated that she wished an order pursuant to the Statute. The Child had not discussed this decision with anyone other than her girlfirend [sic] and a counsellor. J.V. did not know the counsellor’s name or what qualifications this person possessed. She indicated that this person had not discussed any alternatives to abortion; did not explain any possible medical risks or adverse psychological effects of abortion. The Court finds as a matter of fact that the child does not possess a rudimentary understanding of either the nature of abortion or the risks involved.
J.V. clearly indicated that she had no reason, express or implied, the [sic] fear emotional or physical abuse if her parents were required to consent to the abortion. J.V., to the contrary, indicated that she has a strong and deep relationship with her mother. She also indicated that while her relationship with her stepfather is not close there is no basis to conclude he would be physically or emotionally abusive.
The Court must, based on the determined facts, attempt to glean legislative intent from F.S. 390.001. The Court finds itself on a sea of controversy without legislative navigational aids.
It appears to the Court that Petitioner bears the burden of demonstrating that consent of her mother may be waived. Petitioner, to carry this burden, must demonstrate (1) Maturity (2) Consent unreasonably witheld [sic] or (3) Fear of emotional abuse.
The Legislature has not seen fit to even attempt to meaningfuly [sic] define these terms. As the child has, as previously indicated, expressed no fear of abuse good cause is not shown on that grounds. As the petitioner has never spoken to her mother concerning abortion the Court has no basis to determine that consent would be unreasonably witheld [sic].
Thus under the Statute the only possible basis for entering this Order would be for this Court to determine that this Sixteen Year old Child is “sufficiently mature” to consent to abortion.
As indicated, the Legislature chose not to supply meaning to this term, so it is left to the Court. In the context of decision making the American Heritage Dictionary defines maturity as “worked out fully by the mind, considered.” (Houghton Mifflin, 1982)
For this Court to find, on these facts, that this child, possesses sufficient maturity to make such a decision would be unjustified.
She simply does not know;
(1) If she is in fact pregnant.
(2) The medical risks involved in abortion.
(3) Any possible complications.
(4) Any possible adverse psychological impact on her if this abortion is performed.
For the reasons indicated the Petition is hereby denied.
DONE AND ORDERED in Chambers, Stuart, Martin County, Florida, this 31st day of March, 1989.
AFFIRMED.
WALDEN and GUNTHER, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.