543 So.2d 837 (1989)
In re T.W., a Minor.
No. 89-893.
District Court of Appeal of Florida, Fifth District.
May 12, 1989.
*838 Jerri Ann Blair of Carr & Blair, P.A., Leesburg, for appellant.
Richard W. Boylston, Tavares, Atty. Ad Litem.
Robert A. Butterworth, Atty. Gen., and Gerald B. Curington, Director, Gen. Legal Services, Dept. of Legal Affairs, Tallahassee, amicus curiae.
PER CURIAM.
T.W. appeals an order denying her petition for waiver of parental consent for the termination of her pregnancy. We hold that the judicial alternative to parental consent established by section 390.001(4)(a), Florida Statutes (Supp. 1988) is unconstitutionally vague, as found by the trial court, and permits the arbitrary denial of a petition for waiver of parental consent. This procedure does not meet the requirements for a "judicial bypass" of parental consent as set forth in Planned Parenthood of Central Missouri v. Danforth, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976) and Planned Parenthood Association of Kansas City, Missouri, Inc. v. Ashcroft, 462 U.S. 476, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983) and therefore violates the constitutional right of privacy as enunciated in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and its progeny. Accordingly, we vacate the order below.
Section 390.001(4) provides that a physician shall obtain the written informed consent of the pregnant woman prior to terminating a pregnancy. If the pregnant woman is an unmarried minor, parental or judicial consent is also required:
(a) 1. If the pregnant woman is under 18 years of age and unmarried, in addition to her written request, the physician shall obtain the written informed consent of a parent, custodian, or legal guardian of such unmarried minor, or the physician may rely on an order of the circuit court, on petition of the pregnant unmarried minor or another person on her behalf, authorizing, for good cause shown, such termination of pregnancy without the written consent of her parent, custodian, or legal guardian. The cause may be based on: a showing that the minor is sufficiently mature to give an informed consent to the procedure; the fact that a parent, custodian, or legal guardian unreasonably withheld consent; the minor's fear of physical or emotional abuse if her parent, custodian, or legal guardian were requested to consent; or any other good cause shown. At its discretion, the court may enter its order ex parte. If the court determines that the minor is sufficiently mature to give an informed consent to the procedure, the court shall issue an order authorizing the procedure without the consent of her parent, custodian, or legal guardian. If the court determines that the minor is not sufficiently mature, the court shall determine the best interest of the minor and enter its order in accordance with such determination.
*839 The trial court must insure that a minor who files a petition for waiver of parental consent will remain anonymous and that the court proceedings remain confidential. The court must rule on the petition within 48 hours after the petition is filed unless the limitation is extended at the request of the minor. § 390.001(4)(a)2.
Florida Rule of Civil Procedure 1.612 was promulgated to govern these proceedings and provides in part as follows:
(b) Petition. ... The petition for termination of pregnancy shall state:
(1) The interest of the petitioner and his or her name and address.
(2) The date of birth of the minor.
(3) The name, last known address, and telephone number of the parents, custodian, or legal guardian of the minor.
(4) That the minor is under age of 18 years and unmarried.
(5) That the minor is pregnant.
(6) A short and plain statement of the facts and a reasonable basis for establishing any of the following:
(A) That the minor is sufficiently mature to give an informed consent to the procedure; or
(B) That consent of the parent, custodian, or legal guardian is being unreasonably withheld; or
(C) That the facts justify the minor's fear of physical or emotional abuse if her parent(s), custodian(s), or legal guardian(s) were requested to consent; or
(D) Any other good cause.
(c) Hearing. At the discretion of the court an order on the petition may be entered ex parte. If the court requires a hearing, it shall be held expeditiously. The clerk shall give notice to the minor and any petitioner on her behalf before the hearing.
(d) Judgment. The court shall enter a judgment within 48 hours after the petition is filed unless the time is extended at the request of the minor. The judgment shall recite findings in support of the ruling. If no judgment is entered within the time period, the petition shall be deemed granted and the clerk shall place a certificate to this effect in the file.
The Florida consent statute must be evaluated in light of the case law pertaining to abortion and parental consent which has evolved since the landmark case of Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). In Roe v. Wade, the United States Supreme Court concluded that the "right of privacy, whether it be founded in the Fourteenth Amendment's concept of personal liberty and restrictions upon state action ... or ... in the Ninth Amendment's reservation of rights to the people, is broad enough to encompass a woman's decision whether or not to terminate her pregnancy." 410 U.S. at 153, 93 S.Ct. at 727. This fundamental right to privacy extends to pregnant minors and likewise cannot be unconstitutionally burdened. See Planned Parenthood of Central Missouri v. Danforth, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976). See also H.L. v. Matheson, 450 U.S. 398, 419, 101 S.Ct. 1164, 1176, 67 L.Ed.2d 388 (1981), (Powell, J., concurring); Bellotti v. Baird, 443 U.S. 622, 639, 99 S.Ct. 3035, 3046, 61 L.Ed.2d 797 (1979).
In Planned Parenthood of Central Missouri v. Danforth, the Supreme Court, relying on Roe v. Wade, struck down the portion of a Missouri abortion law which required the consent of a parent or person in loco parentis of an unmarried minor during the first twelve weeks of pregnancy unless the abortion was certified by a physician as being necessary for the preservation of the mother's life. "Just as with the requirement of consent from the spouse, so here, the State does not have the constitutional authority to give a third party an absolute, and possibly arbitrary, veto over the decision of the physician and his patient to terminate the patient's pregnancy, regardless of the reason for withholding the consent." 428 U.S. at 74, 96 S.Ct. at 2843. The Court noted, however, that its holding did not suggest that every minor, regardless of age or maturity, may give effective consent for termination of her pregnancy.
*840 Indeed, the majority of the Court has recognized that the state's interest in protecting immature minors will sustain a requirement of consent, either parental or judicial. It is clear, however, that the state must provide a procedure whereby a pregnant minor is able to demonstrate that she is sufficiently mature to make the abortion decision herself or that, despite her immaturity, an abortion would be in her best interest. Planned Parenthood Association of Kansas City, Missouri, Inc. v. Ashcroft, 462 U.S. 476, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983); City of Akron v. Akron Center for Reproductive Health, Inc., 462 U.S. 416, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983).
In Ashcroft, a statute providing for an alternative to parental consent was held to be constitutional.[1] That statute required that the minor file a petition stating that she has been fully informed of the risks and consequences of the abortion, that she is of sound mind and has sufficient intellectual capacity to consent to the abortion, and that if the court does not grant her majority rights for the purpose of consent to the abortion and if the court should then find that the abortion is in her best interest, it shall give judicial consent to the abortion. The statute further provided that a record hearing must be held on the merits of the petition and that the court must hear evidence relating to the emotional development, maturity, intellect and understanding of the minor; the nature, possible consequences, and alternative to the abortion; and any other evidence that the court may find useful in determining whether the minor should be granted majority rights for the purpose of consenting to the abortion or whether the abortion is in the best interests of the minor. 462 U.S. at 479 n. 4, 103 S.Ct. at 2519 n. 4.
The Court upheld the constitutionality of this statute by interpreting it to mean that the petition could be denied only upon a finding that the minor was not mature enough to make her own decision and that an abortion was not in her best interest. The procedure established by the statute insured that the court would hold a meaningful hearing and render a deliberative, informed and responsible decision, thus guarding against the possibility of an arbitrary *841 determination. As the Supreme Court explained:
The Court of Appeals was aware, if the statute provides discretion to deny permission to a minor for any "good cause," that arguably it would violate the principles that this Court has set forth. Ibid. It recognized, however, that before exercising any option, the Juvenile Court must receive evidence on "the emotional development, maturity, intellect and understanding of the minor." Mo. Rev. Stat. § 188.028.2(3) (Supp. 1982). The court then reached the logical conclusion that "findings and the ultimate denial of the petition must be supported by a showing of `good cause.'" 655 F.2d 848 at 858 [8th Cir. 1981]. The Court of Appeals reasonably found that a court could not deny a petition "for good cause" unless it found  after having received the required evidence  that the minor was not mature enough to make her own decision. See Bellotti II, 443 U.S., at 643-644, 647-648, 61 L.Ed.2d 797, 99 S.Ct. 3035 [3048-3049, 3050-3051] (plurality opinion). We conclude that the Court of Appeals correctly interpreted the statute and that § 188.028, as interpreted, avoids any constitutional infirmities. (footnote omitted; emphasis in original)
462 U.S. at 493, 103 S.Ct. at 2526.
Under the Florida consent law, the trial judge is required to issue an order waiving parental consent if the judge determines that the minor is sufficiently mature to give informed consent to the procedure. If the judge concludes that the minor is not sufficiently mature, the judge must then determine whether providing judicial consent for an abortion is in the best interest of the minor and enter an order in accordance with such determination. However, unlike the law in Ashcroft, the Florida consent procedure does not require a record hearing on the merits of the petition, does not authorize the court to take any and all evidence which may be useful to its determination, does not specify the subject matter to be covered by that evidence, and does not even require the personal appearance of the minor before the Court. Moreover, the statute in Ashcroft allowed the court five days, not 48 hours, for a judicial determination.
As stated by Justice Powell in Ashcroft: "A State's interest in protecting immature minors will sustain a requirement of a consent substitute, either parental or judicial. It is clear, however, that the States must provide an alternative procedure whereby a pregnant minor may demonstrate that she is sufficiently mature to make the abortion decision herself or that, despite her immaturity, an abortion would be in her best interests." Ashcroft, 462 at 491, 103 S.Ct. at 2525.
Under the Florida statute, it often will be difficult and sometimes impossible for the trial court to hold a meaningful hearing and to render a deliberative, informed and responsible decision. Thus there is a clear danger that trial judges will render a decision on the basis of their own moral, religious or political beliefs regarding abortion rather than on a constitutionally permissible basis. The trial judge expressed his concern as to the vagueness of the statute when he held:
1) The minor is not sufficiently mature to give an informed consent to an abortion procedure. However, the basis for this ruling is not the uncontroverted testimony of the minor, but rather the fact that the criteria set forth in the statute and the rule are unconstitutionally vague. Compare Planned Parenthood Association of Kansas City, Missouri, Inc. v. Ashcroft, 462 U.S. 476, 479 [103 S.Ct. 2517, 2519, 76 L.Ed.2d 733] n. 4 (1983) which sets forth the Missouri statute which sets forth the Missouri statute which is very similar to the statute in the instant case except that it provides guidelines on maturity.
Since the statute does not require a hearing on the record, we question whether there can be meaningful appellate review of an order denying a petition for waiver of parental consent. See In re: J.V., a child, 541 So.2d 769 (Fla. 4th DCA 1989). The statute in Ashcroft required the court to appoint counsel for the minor if she did not have private counsel. This requirement ensured *842 that the proceedings would be conducted fairly and in compliance with the statute, that the interests of the minor would be fully protected, that appropriate legal challenges to the procedure be made and that issues for appeal would be properly preserved. In contrast, the Florida procedure does not require the trial judge to appoint counsel for the minor, to advise the minor of her rights or to assist her in preserving a record of the proceedings. While an expeditious appeal procedure is provided,[2] this right may be of little value if counsel is not provided to the minor at the trial level.
We conclude that the judicial consent procedure fails to provide sufficient safeguards against the possibly arbitrary denial of a petition for waiver of consent and thus does not sufficiently safeguard the pregnant minor's constitutional right of privacy. Since the portion of the statute providing for the alternative of judicial consent is constitutionally infirm, it necessarily follows that the requirement of parental consent is invalid under Ashcroft, Bellotti and Danforth.[3] Accordingly, we vacate the order below and remand this cause to the trial court with instructions to dismiss the petition. No motion for rehearing will be permitted and the mandate in this case shall issue immediately.
ORDER VACATED and REMANDED.
DANIEL and GOSHORN, JJ., concur.
COBB, J., dissenting with opinion.
COBB, Judge, dissenting:
I do not agree that Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) grants the same right of privacy to minors as it did to adults. Roe did not involve a pregnant minor. In Planned Parenthood Association of Kansas City, Missouri, Inc. v. Ashcroft, 462 U.S. 476, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983), the United States Supreme Court upheld a Missouri statute which specifically required notification to the parent of a pregnant minor, albeit notification was not the issue in that case.[1]
I believe we should simply certify the trial court's judgment for immediate resolution by the Florida Supreme Court, pursuant to Article V., section 3(b)(5), Florida Constitution, as urged by the Florida Attorney General. See also Fla.R.Civ.P. 9.125.
NOTES
[1] This statute, Missouri Rev.Stat. § 188.028 (Supp. 1982) provided in part as follows:

2. The right of a minor to self-consent to an abortion under subdivision (3) of subsection 1 of this section or court consent under subdivision (4) of subsection 1 of this section may be granted by a court pursuant to the following procedures:
(1) The minor or next friend shall make an application to the juvenile court which shall assist the minor or next friend in preparing the petition and notices required pursuant to this section. The minor or the next friend of the minor shall thereafter file a petition setting forth the initials of the minor; the age of the minor; the names and addresses of each parent, guardian, or, if the minor's parents are deceased and no guardian has been appointed, any other person standing in loco parentis of the minor; that the minor has been fully informed of the risks and consequences of the abortion; that the minor is of sound mind and has sufficient intellectual capacity to consent to the abortion; that, if the court does not grant the minor majority rights for the purpose of consent to the abortion, the court should find that the abortion is in the best interest of the minor and give judicial consent to the abortion; that the court should appoint a guardian ad litem of the child; and if the minor does not have private counsel, that the court should appoint counsel. The petition shall be signed by the minor or the next friend;
* * * * * *
(3) A hearing on the merits of the petition, to be held on the record, shall be held as soon as possible within five days of the filing of the petition... . At the hearing, the court shall hear evidence relating to the emotional development, maturity, intellect and understanding of the minor; the nature, possible consequences, and alternatives to the abortion; and any other evidence that the court may find useful in determining whether the minor should be granted majority rights for the purpose of consenting to the abortion or whether the abortion is in the best interest of the minor;
(4) In the decree, the court shall for good cause:
(a) Grant the petition for majority rights for the purpose of consenting to the abortion; or
(b) Find the abortion to be in the best interests of the minor and give judicial consent to the abortion, setting forth the grounds for so finding; or
(c) Deny the petition, setting forth the grounds on which the petition is denied;
Ashcroft, 462 U.S. at 479 n. 4, 103 S.Ct. at 2519 n. 4.
[2] Fla.R.App.P. 9.110(l).
[3] In this particular case, the decision to terminate the pregnancy must be left to T.W. and her physician without state regulation. See Roe v. Wade, 410 U.S. at 163, 164, 93 S.Ct. at 731, 732.
[1] Missouri Rev.Stat. § 188.028 (Supp 1982), subsection 2(2) provided:

(2) Copies of the petition and a notice of the date, time, and place of the hearing shall be personally served upon each parent, guardian or, if the minor's parents are deceased and no guardian has been appointed, any other person standing in loco parentis of the minor listed in the petition by the sheriff or his deputy. If a parent or guardian or, if the minor's parents are deceased and no guardian has been appointed, any other person standing in loco parentis cannot be personally served within two days after reasonable effort, the sheriff or his deputy shall give constructive notice to them by certified mail to their last known address, and the hearing shall not be held for at least forty-eight hours from the time of the mailing. In any case where there exists the potential or appearance of conflict of interests between the parents or guardian or next friend of the child and the child, the court shall appoint a guardian ad litem to defend the minor's interest. The court shall set forth, for the record, the grounds for such appointment.