ALTENBERND, Judge.
E.B.L. appeals an order denying her confidential petition for waiver of parental consent for the termination of her pregnancy.[1] Because the trial court’s judgment does not recite sufficient findings to permit a meaningful appeal and because an independent review of the limited record in this case also allows no meaningful appeal from the trial court’s decision, we reverse the judgment. Since we resolve this case based upon an error in procedure, we decline to answer the constitutional issue re *334 cently decided by the Fifth District. In re T.W., 543 So.2d 837 (Fla. 5th DCA 1989).
On June 1, 1989, the minor came to the Hillsborough County Courthouse to seek judicial authorization for a termination of pregnancy. She was unrepresented by counsel. She filed a confidential petition pursuant to section 390.001(4)(a), Florida Statutes (Supp.1988). The petition was filed on a fill-in-the-blank form provided to the minor by the circuit court.[2] The form tracks the statutory language and the requirements of Florida Rule of Civil Procedure 1.612 (1989). In the petition, the minor stated under oath that she was sixteen years old and approximately ten weeks’ pregnant. By checking the appropriate boxes, the minor sought the authorization on grounds:
That the minor is sufficiently mature to give her consent for the procedure.
That the minor fears physical or emotional abuse by her parent[s].
Other good cause as alleged below.
The other good cause stated by the minor explained that her parents do not believe in either premarital sex or abortion, and that the minor fears her parents could possibly become violent if she discussed her predicament with them. The petition was accompanied by a physician’s report which confirmed that the minor had been examined by the physician and that she was approximately ten weeks’ pregnant.
Upon executing a form insolvency affidavit, the minor was allowed to proceed with the lawsuit without the payment of a filing fee. On that same day, the circuit court entered an order appointing counsel to represent the minor at a hearing on the petition and scheduled the hearing to take place the following day, June 2, 1989, at 1:30 p.m. The notice of hearing required both the minor and her attorney to attend the hearing.
On June 2, 1989, the hearing occurred in. the trial court. No court reporter was present for the hearing. Upon order from this court, the trial court has provided an expedited statement of the evidence and proceedings.[3] The statement establishes that the minor was the only witness at the brief hearing. The minor testified that she was a high school student in the tenth grade and that her grades were average. She believed that she was not ready for the responsibilities of raising a child. She did not want to drop out of high school and expected that a child would require her to quit school. Although her father had never physically abused her, she testified that he had a violent temper and she was afraid he would hurt her if she discussed this situation with him. She was afraid that her mother would emotionally abuse her. She stated that she had discussed the possibility of an abortion with her boyfriend and with his parents. They all encouraged her to terminate the pregnancy. She was aware that medical complications can arise from an abortion and also knew she could receive counseling if she became depressed by an abortion. She had never been employed, but hoped to find a job soon. If she were permitted to terminate the pregnancy, she stated that she would use birth control in the future to prevent a reoccur-rence.
Following this short hearing, the trial court entered a fill-in-the-blank order entitled “Order on Petition Seeking Authorization for Termination of Pregnancy.” The trial court denied the petition by placing an “x” in the blank next to the statement:
That Petitioner is not sufficiently mature to give an informed consent.
The form contains no space in which the trial court could have made any specific findings of fact to support this conclusion.
*335 The form order also contains a blank allowing the trial court to explain any “good cause" which exists for granting the petition. In this case, of course, that blank is empty. The form does not provide any space for the trial court to recite findings for a conclusion that an abortion would not be in the minor’s best interest.
In conjunction with the order, the trial court also entered a form “Final Order Denying Waiver of Consent.” This form recites that:
The Court has considered the evidence and finds that the Petitioner is not sufficiently mature to give an informed consent to the procedure, and further finds that it is not in the best interest of Petitioner that she be allowed to obtain an abortion without the consent of her parent, custodian, or legal guardian. [Emphasis original]
In light of the extreme time limitations created by section 390.001(4)(a)2., Florida Statutes (Supp.1988), it is not surprising that the trial courts have elected to create form documents. Florida Rule of Civil Procedure 1.612(d), however, requires that the judgment “shall recite findings in support of the ruling.” This requirement is similar to the requirement that a trial judge state the specific grounds for an order granting new trial. Fla.R.Civ.P. 1.530(f). In both instances, the trial court needs to provide adequate factual bases for the decision “to facilitate intelligent appellate review.” Wackenhut Corp. v. Canty, 359 So.2d 430, 434 (Fla.1978).
The statute does permit the trial court to deny authorization for termination of pregnancy if the trial court finds that the minor is “not sufficiently mature” to give informed consent and if the court further determines that the termination would not be in “the best interest of the minor.” § 390.001(4)(a)l., Fla.Stat. (Supp.1988). The statute does not define "sufficiently mature” or give the trial court any guidelines or parameters for making that determination. Likewise, the statute does not define “best interest” or give the trial court any parameters for that decision. The Fifth District has decided that these deficiencies, as well as other procedural problems, are so severe that the statute would allow the trial judge to make arbitrary decisions based more upon personal, moral, religious, or political beliefs than upon constitutionally permissible statutory guidelines. In re T.W., 543 So.2d at 841.
Under well-settled rules of law, an appellate court should not resolve a case on a constitutional basis unless that action is essential. In re Estate of Sale, 227 So.2d 199 (Fla.1969); Mayo v. Market Fruit Co. of Sanford, 40 So.2d 555 (Fla.1949); Bd. of County Comm’rs of Polk County v. Sloan, 214 So.2d 74 (Fla. 2d DCA 1968). In this case, we do not need to reach the constitutional issue.[4] Assuming Florida’s courts can establish adequate procedures and guidelines so that this statute is not arbitrary and is susceptible to meaningful appellate review, the orders entered in such cases must certainly contain adequate findings so that the appellate court can determine whether the trial court made a legally sound decision.
We assume, for purposes of this opinion, that the trial court makes a discretionary decision under this statute which is governed by the limited standard of review announced in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).[5] Thus, we cannot reverse the trial court if reasonable people could differ as to the propriety of the trial court’s decision. The fill-in-the-blank order *336 and judgment utilized in this- case are simply insufficient for this court to know the factors or tests which the lower court utilized to determine the minor’s maturity or the minor’s best interest. Likewise, those forms do not present this court with the factual findings upon which the trial court relied to reach the two critical legal conclusions. The statement of the evidence provided by the trial court is helpful, but it is not a substitute for findings of fact. We do not know whether the trial court believed the evidence, and we cannot ascertain the minor’s demeanor in presenting the evidence. We cannot determine the factual bases which convinced the trial court that a continuation of the pregnancy would be in this minor’s best interest. The form orders utilized in this case are not comparable to the special order prepared by the trial court in In re J.V., 541 So.2d 769 (Fla. 4th DCA 1989). It is our obligation to review the actions of trial courts to assure their compliance with the requirements of the law. Even when the trial judge is an experienced and able jurist, as in this case, we cannot affirm legal decisions which lack factual findings expressly required by the rules of procedure to allow for meaningful review.
Thus, we reverse the judgment and remand this cause to the trial court. On remand, the trial court is reminded that the Fifth District’s decision in In re T. W. is the only appellate decision in Florida which has decided the constitutional issue. In the absence of a conflicting appellate decision, the circuit courts of this district are obligated to apply the controlling case law announced by another district court. Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982); State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976). See also Stanfill v. State, 384 So.2d 141 (Fla.1980) (decision of district courts of appeal represent law of Florida unless and until overruled by the supreme court). Thus, on remand, the trial court must obey the Fifth District's decision and dismiss the petition. No motion for rehearing will be permitted and the mandate in this case shall issue immediately.
Reversed and remanded.
LEHAN, A.C.J., and PARKER, J., concur.

. Section 390.001(4)(a)2., Florida Statutes (Supp.1988), requires this court to ensure that a minor who files such a petition will remain anonymous. Unlike the typical juvenile case, this anonymity is intended to shield the minor from her parents as well as from the public. Thus, it should not be assumed that the initials used to identify the minor in this case accurately reflect the initials of the child filing the petition.

. All of the forms used by the minor and the trial court in this case appear to be forms prepared in conjunction with the issuance of Administrative Order 89-40 by the Chief Judge of the Thirteenth Judicial Circuit on March 16, 1989.

. It is somewhat unclear whether the Florida Rules of Appellate Procedure authorized our order. The order was issued to accomplish the normal function of Florida Rule of Appellate Procedure 9.200(b)(4). Since the rules require this appeal to be resolved within ten days from the filing of the notice of appeal, Florida Rule of Appellate Procedure 9.110(f), a more expedited procedure was required if we were to have a sufficient record to attempt appellate review.

. Even if we were authorized to reach the constitutional issue, it would seem appropriate to defer ruling upon that issue since it is now pending before the Florida Supreme Court. In re T.W., No. 74,143 (Fla. May 13, 1989).

. This assumption may be incorrect. The trial court, in deciding the best interests of the minor, is making an in loco parentis decision. In most cases, the trial court will not have met the minor prior to the hearing. This decision is made after a short hearing. The decision impacts upon the minor’s right of privacy under both the United States and Florida Constitutions. The decision may have lifetime ramifications for the minor. Thus, the trial court’s decision may be subject to more stringent appellate review. If more stringent review were appropriate in this case, the inadequacy of the findings of fact would make reversal even more essential.